IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40030-JPG-1 |
| EMILY A. FAULKNER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Emily A. Faulkner's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 66). Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 72). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating no objection to counsel's withdrawal and agreeing that the defendant is not eligible for a reduction (Doc. 73). The defendant did not respond to counsel's motion to withdraw, although she was given an opportunity to do so.

The defendant pled guilty to one count of conspiracy to distribute methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 12.21 kilograms of methamphetamine ice, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 38. Her offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because she accepted responsibility for her crime. This established a total offense level of 35.

The defendant had accumulated 4 criminal history points, none of which were awarded

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2018 version.

because she was under a criminal sentence when she committed her offense of conviction ("status points").  This placed her in criminal history category III, which yielded a sentencing range of 210 to 262 months in prison, capped at 240 months by the statutory maximum sentence of 20 years under 21 U.S.C. § 841(b)(1)(C).  The Court imposed a sentence of 180 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower her sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.  For defendants who received status points, Amendment 821 provides that their 2-point assessment be reduced to 1 or no points.  Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to reduce the offense level of some offenders with no criminal history points.  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendment 821 did not lower the defendant's guideline sentencing range.  The defendant did not have status

2

points, so Part A does not apply.   She also had criminal history points, so Part B does not apply either.   Thus, Amendment 821 did not result in a lower offense level or criminal history category, so it did not lower the defendant's sentencing range.   Therefore, the defendant is not eligible for a sentence reduction.

Because Faulkner is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, the Court **GRANTS** counsel's motion to withdraw (Doc. 72) and **DENIES** the defendant's motion for a sentence reduction (Doc. 66).   FPD Kim C. Freter is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   July 24, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**