UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>EMILY A. FAULKNER,<br><br>        Defendant. | Case No. 19-cr-40030-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Emily A. Faulkner's motion for a reduction in sentence based on rehabilitation (Doc. 78). She reports progress toward leading a life free from drugs, including participating in the Residential Drug Abuse Program ("RDAP") offered by the Bureau of Prisons. She has earned her GED with high scores, has completed numerous prison educational programming, and would like to continue her education further. She expects to be at a low recidivism risk at her next assessment and has earned substantial good time credit under the First Step Act. She believes she is rehabilitated and ready to enter society again. In support of her request, she cites 18 U.S.C. § 3742(e), *Pepper v. United States*, 562 U.S. 476 (2011), and other cases.

The Court entered final judgment in this case in July 2020 and no longer has jurisdiction to modify that judgment in these circumstances. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009)). The Seventh Circuit Court of Appeals has explained that the Court does not have inherent power to revisit a criminal sentence:

> Once a district judge has sentenced a defendant, the judge may "modify a term of imprisonment" only to the extent allowed by retroactive legislation, retroactive changes in the Sentencing Guidelines, a motion for compassionate release, or motion

under Criminal Rule 35 or 36.  *See* 18 U.S.C. § 3582(c)(1)(B).  Immediately after sentencing, only Rules 35 and 36 offer any prospect of modification by the district judge.

*United States v. Hible*, 13 F.4th 647, 649-50 (7th Cir. 2021); *see United States v. Jumah*, 431 F. App'x 494, 496 (7th Cir. 2011).  The statute and caselaw Faulkner cites have to do with the factors the Court may consider when imposing or reducing a sentence.  However, those authorities do not give the Court the power to reduce a sentence.  And while the Court is happy to hear of Faulkner's amazing accomplishments in prison, rehabilitation alone is not a basis for a reduction in sentence.

Because Faulkner has cited no authority to reduce her sentence, the Court **DISMISSES** her motion (Doc. 78).

**IT IS SO ORDERED.**
**DATED:  September 17, 2025**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**